THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff § | | |
| § | | |
| v. § | C.A. NO. CR-04-640 | |
| § | | |
| RIGOBERTO OSORIO-CARBALLO, § | | |
|     Defendant § | | |

## MEMORANDUM AND RECOMMENDATION

On March 28, 2005, defendant's notice of appeal was filed with this Court. It was forwarded to the Fifth Circuit on March 31, 2005, which returned the notice of appeal on May 18, 2005 for a determination by this Court of whether defendant's appeal was timely and, if not, whether excusable neglect was the reason for the untimely filing, thereby entitling defendant to an extension of time to appeal. Evidentiary hearings on these issues were held on July 6, 2005 and July 8, 2005.

## JURISDICTION

The Court has jurisdiction pursuant to 18 U.S.C. § 3231.

## FACTUAL FINDINGS

Judgment was entered against defendant on March 8, 2005. The final day for filing a timely notice of appeal was March 22, 2005. See Fed. R. App. P. 26(a)(2).

Defendant contacted his court appointed attorney for trial, Edward Garza,

and requested that he file a notice of appeal. (D.E. 35, audio hearing & D.E. 38, audio hearing). Mr. Garza refused to do so. Id. Defendant then prepared a pro se notice of appeal with the assistance of another inmate at the prison. Id. He signed and dated it March 16, 2005. (D.E. 27). Although defendant claims he placed the pro se notice of appeal in the prison mail system on March 16, 2005, (D.E. 27, 35 & 38), the prison mail log shows it was not placed in the prison mail system until March 24, 2005. (D.E. 39, Gov't Ex. 2). The pro se notice of appeal was postmarked March 24, 2005 and was file stamped March 28, 2005. (D.E. 27).

Martha Lopez is the mail room supervisor at Karnes City Correctional Center where defendant is incarcerated. (D.E. 38). Ms. Lopez testified regarding the prison's maintenance of an outgoing mail log. (D.E. 38 & D.E. 39, Gov't Ex. 2). According to Ms. Lopez's testimony, there are two drop boxes for outgoing mail at the prison. (D.E. 38). The mail is picked up at 8:00 a.m. Monday through Saturday. Id. Legal mail is separated from regular mail and is entered in the prison's outgoing mail log. Id. Ms. Lopez further testified that she personally takes the mail to the post office and mails it the day it is received. Id.

The mail log showed entries for legal mail sent by defendant to the District Clerk on March 7, 2005, March 8, 2005, and March 24, 2005. (D.E. 39, Gov't Ex. 2). The March 7 mail to the Clerk's office corresponds with the District Clerk's

receipt of defendant's motion for reduction and correction of sentence on March 9, 2005.  Id.  The March 8 mail was a copy of the motion sent to the United States Attorney's office.  Id.  The March 24 mail to the Clerk's office corresponds with the District Clerk's receipt of defendant's notice of appeal on March 28, 2004.  Id.  A copy was also sent that day to the United States Attorney's office.  Id.

## APPLICABLE LEGAL STANDARDS

### A.   Timeliness of Defendant's Appeal

A notice of appeal by the defendant in a criminal case must be filed within 10 days of the entry of judgment.  Fed. R. App. P. Rule 4(b)(1)(A).  A prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing.  Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

### B.   Excusable Neglect

An untimely notice of appeal is construed as a motion for a determination of whether the defendant is entitled to an extension of time to appeal.  United States v. Arce-Jasso, 389 F.3d 124, 128 (5th Cir. 2004) (citations omitted).  A district court may, upon a finding of excusable neglect, before or after the time has expired, extend the time to file a notice of appeal for a period not to exceed thirty days from the time otherwise prescribed by Rule 4(b)(1)(A).  Fed. R. App. P. 4(b)(4).  All

relevant circumstances should be considered including "the danger of prejudice to the [government], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [defendant], and whether the [defendant] acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).[1]

In the Fifth Circuit, "... the excusable neglect standard is a strict one ... requiring more than mere ignorance." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). "The burden of establishing excusable neglect is upon [the defendant], even one proceeding pro se."[2] Id. (citations omitted). The Fifth Circuit has established that "failure to learn of the entry of judgment is the major, but not the only, reason for finding excusable neglect ... other unique circumstances may render dismissal unfair." Id. (citations omitted). "The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable." Id. (citations omitted). "[A] district

---

[1] As the Fifth Circuit has explained, "[t]hough Pioneer involved the bankruptcy rule allowing late filing of claims in bankruptcy upon a finding of 'excusable neglect,' it is clear that 'Pioneer controls determinations of excusable neglect under Rule 4(b).'" United States v. Clark, 193 F.3d 845, 846 n.4 (5th Cir. 1999) (quoting United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995)).

[2] In reversing the district court's decision that because Birl was proceeding pro se the question of timely filing should be resolved in his favor, the Fifth Circuit in Birl noted that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." 660 F.2d at 593 (citing Faretta v. California, 442 U.S. 806, 834 n.46 (1975)).

4

court's finding of excusable neglect is ordinarily given great deference...." Id. (citations omitted).

## DISCUSSION

### A. Timeliness of Defendant's Appeal

The below signed magistrate judge, having heard the testimony of the witnesses and addressed their credibility, finds that defendant's pro se notice of appeal was not placed in the prison mail system within ten days of the entry of judgment as required by Rule 4(b)(1)(A). As a result, unless defendant can show excusable neglect, his notice of appeal was not timely filed.

### B. Excusable Neglect

Defendant has shown excusable neglect for failure to timely file his notice of appeal in this case. The below signed further finds that Mr. Garza failed to assist the defendant to file a timely notice of appeal and that defendant spent precious time during his ten days to file an appeal in efforts to get his attorney, Mr. Garza, to file a notice of appeal. When it became clear to defendant that Mr. Garza was not willing to file a notice of appeal on his behalf, defendant undertook the necessary steps to file a pro se notice of appeal.

The below signed magistrate judge finds that defendant is from Mexico and has extremely limited knowledge of the English language. As a result, he had to

seek help from another inmate in order to draft his notice of appeal. Defendant ultimately placed his pro se notice of appeal in the prison mail system just two days late for it to be timely.

In Clark, the Fifth Circuit dealt directly with this issue where the defendant asked his court appointed attorney to file a notice of appeal and the attorney refused to do so. 193 F.3d at 846-47. Clark prepared a pro se notice of appeal, but filed it one day late. Id. The Fifth Circuit held that this was a "clear case of ineffective assistance of counsel, which is sufficient to prove excusable neglect." Id. at 847; see also Peguero v. United States, 526 U.S. 23, 23 (1999) (citing Rodriquez v. United States, 395 U.S. 327 (1969)) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit.").

Defendant has shown excusable neglect for the untimely filing of his notice of appeal. After he sought his counsel's assistance with the matter and his counsel refused to help him, defendant prepared a pro se notice of appeal with the assistance of another inmate who could speak and write English.[3] The notice of appeal was placed in the prison mail system only two days after the deadline for

---

[3] Cf. Rodriguez, 395 U.S. at 330 (Defendants " ... who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised on appeal.").

filing it.[4]  The delay was very short, the government will suffer no prejudice as a result of the delay, and no negative impact on judicial proceedings is perceived. The reason for the delay was defendant's counsel's refusal to file a notice of appeal which was not within defendant's reasonable control.  Finally, the defendant acted in good faith in filing his pro se notice of appeal as quickly as he could after it became clear his counsel was not going to file one on his behalf.  As in Clark, defendant has shown a clear case of ineffective assistance of counsel, which here is sufficient to prove excusable neglect.

## RECOMMENDATION

Therefore, it is respectfully recommended that a finding be entered that defendant's failure to file his notice of appeal within ten days of the entry of judgment was the result of excusable neglect, that defendant be granted an extension of time to appeal pursuant to Rule 4(b)(4), and that defendant's notice of appeal be held timely under the extension of time provision in Rule 4(b)(4).

Respectfully submitted this 14th day of July 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[4] Two days is well within the thirty day extension period allowed under Rule 4(b)(4).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).